**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN JOSE DIVISION

10   ERIC ZAMOST,                                    CASE NO. 5:12-cv-05705 EJD

11                                          **ORDER TO SHOW CAUSE**

                        Plaintiff(s),
12        v.

13   CIRCUS AMERICA, INC., et. al.,

14

                        Defendant(s).
15   _____/

16          On November 6, 2012, Plaintiff Eric Zamost ("Plaintiff") filed directly in this court a

17   Complaint asserting various violations of California law against Defendants Circus America, Inc.,

18   Piccadilly Circus, Niles T. Garden, John Whitfield, Javier Ramon Martinez, and John Pelton

19   (collectively, "Defendants"). See Compl., Docket Item No. 1. Plaintiff alleges the existence of

20   federal jurisdiction under 28 U.S.C. § 1332. Id. at ¶ 3. Having reviewed the Complaint, however,

21   the court has determined Plaintiff's allegations are insufficient to support diversity of citizenship.

22   Accordingly, the court issues the instant Order to Show Cause to clarify the issue.

23          "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of

24   America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from

25   the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332.

26   For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded

27   complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's

28   right to relief necessarily depends on the resolution of a substantial question of federal law.

1

Case No. 5:12-cv-05705 EJD
ORDER TO SHOW CAUSE

United States District Court

For the Northern District of California

1   Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of

2   California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  For diversity, federal

3   courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the

4   amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

5         "A party invoking the federal court's jurisdiction has the burden of proving the actual

6   existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

7   To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively

8   the actual citizenship of the relevant parties" in order to confirm that all parties are diverse.  Kanter

9   v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

10        Here, Plaintiff's jurisdictional allegations are problematic as to all named parties.  For

11  Plaintiff, he claims to be "a resident of Santa Cruz County, California."  See Compl., at ¶ 4.  This

12  particular piece of information is insufficient by itself because allegations of residency - as opposed

13  to those that designate a party's domicile - are essentially irrelevant to a determination of diversity

14  jurisdiction.  See Kanter, 265 F.3d at 857 ("A person's domicile is her permanent home, where she

15  resides with the intention to remain or to which she intends to return. . . . A person residing in a

16  given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

17        For Defendants, Plaintiff provides no allegations concerning the citizenship of individual

18  defendants Garden, Whitfield, Martinez, or Pelton, but is certainly required to do so.  As to the

19  corporate entity, Plaintiff alleges that Circus America, Inc., also known as Piccadilly Circus, is a

20  corporation "with its principal place of business in Sarasota, Florida."  See Compl., at ¶ 5.  That

21  allegation is incomplete because it excludes the state of incorporation.  See 28 U.S.C. § 1332(c)(1)

22  (specifying that, for diversity jurisdiction, "a corporation shall be deemed to be a citizen of every

23  State and foreign state by which it has been incorporated and of the State or foreign state where it

24  has its principal place of business.).  To the extent Plaintiff suggests that Circus America, Inc. is

25  something other than a corporation, such as a partnership, he must allege the citizenship of its

26  individual members.  See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).

27        Since federal jurisdiction does not arise based on the Complaint in its current form, the court

28  orders Plaintiff to show cause why this case should not be dismissed for lack of subject matter

2

Case No. 5:12-cv-05705 EJD
ORDER TO SHOW CAUSE

1  jurisdiction.  If Plaintiff does not, **by May 16, 2013**, demonstrate the basis for this court's subject

2  matter jurisdiction by filing an Amended Complaint consistent with the discussion above, the court

3  will dismiss this action without prejudice.  See Freeman v. Oakland Unified Sch. Dist., 179 F.3d

4  846, 847 (9th Cir. 1999).  No hearing will be held on the Order to Show Cause unless ordered by the

5  court.

6  **IT IS SO ORDERED.**

7

8  Dated:  May 2, 2013

   _____
   EDWARD J. DAVILA

9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

3

Case No. 5:12-cv-05705 EJD
ORDER TO SHOW CAUSE