IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC ZAMOST, | CASE NO. 5:12-cv-05705 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| CIRCUS AMERICA, INC., et. al., | |
| Defendant(s). | |

On November 6, 2012, Plaintiff Eric Zamost ("Plaintiff") filed directly in this court a Complaint asserting various violations of California law against Defendants Circus America, Inc., Piccadilly Circus, Niles T. Garden, John Whitfield, Javier Ramon Martinez, and John Pelton (collectively, "Defendants"). See Compl., Docket Item No. 1. Plaintiff alleges the existence of federal jurisdiction under 28 U.S.C. § 1332. Id. at ¶ 3. Having reviewed the Complaint, however, the court has determined Plaintiff's allegations are insufficient to support diversity of citizenship. Accordingly, the court issues the instant Order to Show Cause to clarify the issue.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff's jurisdictional allegations are problematic as to all named parties.  For Plaintiff, he claims to be "a resident of Santa Cruz County, California."  See Compl., at ¶ 4.  This particular piece of information is insufficient by itself because allegations of residency - as opposed to those that designate a party's domicile - are essentially irrelevant to a determination of diversity jurisdiction.  See Kanter, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

For Defendants, Plaintiff provides no allegations concerning the citizenship of individual defendants Garden, Whitfield, Martinez, or Pelton, but is certainly required to do so.  As to the corporate entity, Plaintiff alleges that Circus America, Inc., also known as Piccadilly Circus, is a corporation "with its principal place of business in Sarasota, Florida."  See Compl., at ¶ 5.  That allegation is incomplete because it excludes the state of incorporation.  See 28 U.S.C. § 1332(c)(1) (specifying that, for diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.).  To the extent Plaintiff suggests that Circus America, Inc. is something other than a corporation, such as a partnership, he must allege the citizenship of its individual members.  See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).

Since federal jurisdiction does not arise based on the Complaint in its current form, the court orders Plaintiff to show cause why this case should not be dismissed for lack of subject matter

2

Case No. 5:12-cv-05705 EJD
ORDER TO SHOW CAUSE

jurisdiction. If Plaintiff does not, **by May 16, 2013**, demonstrate the basis for this court's subject matter jurisdiction by filing an Amended Complaint consistent with the discussion above, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: May 2, 2013

_____
EDWARD J. DAVILA
United States District Judge